UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.                                           No. 04-4053

JAMES HOLMAN BROWNING, JR.,
         *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-03-36)

Submitted: August 25, 2004

Decided: September 16, 2004

Before SHEDD and DUNCAN, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & TAL-
COTT, L.L.P., Greensboro, North Carolina, for Appellant. Anna
Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

James Holman Browning, Jr., appeals his conviction and mandatory life sentence for conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2000), and two counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (2000).

Browning first contends that the district court erred by denying his pre-trial motion for a court-appointed investigator. We review for an abuse of discretion a district court's decision that certain resources are or are not "necessary." *See United States v. Morrison*, 946 F.2d 484, 490 (7th Cir. 1991); *Williams v. Martin*, 618 F.2d 1021, 1026 (4th Cir. 1980). Indigent defendants are entitled by law to money for investigative and expert services that are "necessary for adequate representation." 18 U.S.C. § 3006A(e)(1) (2000). After careful consideration of the record, we conclude that the district court's denial of Browning's motion for lateness and insufficient reason was not an abuse of discretion. *Williams*, 618 F.2d at 1026.

Second, Browning contends that the district court erred by denying his repeated requests for a continuance and requiring him to proceed to trial despite his lack of time to prepare his own defense. The denial of a motion for a continuance is reviewed for an abuse of discretion. *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983). A trial court abuses its discretion when it denies a continuance based upon an unreasonable and arbitrary insistence on expeditiousness. *Id.* The district court granted Browning's three previous motions to relieve counsel, and delayed the trial when each of the two replacement counsel was appointed. In addition, when considering Browning's final motion to relieve counsel and to represent himself, the court repeatedly warned Browning that should he elect to relieve his third attorney and proceed pro se, he would be required to be prepared for trial on the date

previously scheduled. On these facts, we conclude that the district court's ruling was not based upon an unreasonable and arbitrary insistence on expeditiousness, and thus was not an abuse of discretion. *Id.*

Third, Browning challenges the district court's admission of expert testimony regarding the chemical testing of suspected drug samples as inadmissable hearsay lacking a proper foundation. This Court reviews a district court's ruling on the relevance and admissibility of evidence for an abuse of discretion. *See United States v. Brooks*, 111 F.3d 365, 371 (4th Cir. 1997). Federal Rule of Evidence 703 provides:

> The facts or data in a particular case upon which an expert bases an opinion or inference may be those perceived or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

Fed. R. Evid. 703. Here, expert testimony was offered by a supervising chemist, who did not personally perform the testing, but based her conclusion on reports prepared by her subordinate. Even assuming that the testimony was based upon hearsay, we conclude that it was properly admitted under Fed. R. Evid. 703, as the facts underlying her opinions were "of a type reasonably relied upon by experts in the particular field in forming opinions." Accordingly, we hold that the district court did not abuse its discretion. Fed. R. Evid. 703; *Brooks*, 111 F.3d at 371.

Next, Browning contends that in enacting 21 U.S.C. § 851(a) (2000), Congress violated the constitutional principle of the Separation of Powers by allowing the prosecution to determine the range of penalties under § 841. This Court reviews a determination as to constitutionality of a statute de novo. *United States v. Mento*, 231 F.3d 912, 917 (4th Cir. 2000). A prosecutor may file an information identifying a defendant's prior convictions for purposes of seeking an enhanced sentence under § 841(b)(1)(B). *See* 21 U.S.C. § 851(a) (2000). Section 841 provides that "if any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced

to a mandatory term of life imprisonment without release."
§ 841(b)(1)(A). Browning's challenge to the constitutionality of § 851
is without merit. A prosecutor's discretion to "determine whether a
defendant will be subject to the enhanced statutory maximum" is
"similar to the prosecutorial discretion a prosecutor exercises when he
decides what, if any, charges to bring against a criminal suspect."
*United States v. LaBonte*, 520 U.S. 751, 761-62 (1997).

Finally, Browning's related claim that the Government's exercise
of discretion in filing a Section 851 information was improperly based
upon his refusal to accept a plea agreement and his decision to instead
assert his constitutional right to a trial is also meritless. There is no
evidence in the record to suggest that the Government acted with
improper motives. Consequently, we find that the Government's
motion under § 851 was a proper exercise of discretion. *LaBonte*, 520
U.S. at 761-62.

Accordingly, we affirm Browning's conviction and sentence. We
deny Browning's motion for oral argument because the facts and legal
contentions are adequately presented in the materials before the court
and argument would not aid the decisional process.

*AFFIRMED*